UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

The Skydive Factory, Inc.,
        Plaintiff

        v.                                    Case No. 12-cv-307-SM
                                              Opinion No. 2013 DNH 033
Skydive Orange, Inc.,
        Defendant

**O R D E R**

Defendant removed this breach of contract case from the New Hampshire Superior Court (Strafford County), invoking diversity jurisdiction.  28 U.S.C. § 1332.  Plaintiff moves for remand (doc. no. 9) on grounds that the parties' contract requires any dispute arising under the contract to be resolved in state court and in Strafford County.  Defendant objects, asserting that the contract's forum selection clause does not "clearly and unequivocally" represent a waiver of its right of removal under 28 U.S.C. § 1441.

Generally, a forum selection clause mandating that disputes be resolved in state court operates as a waiver of the parties' removal rights under § 1441.  See Karl Koch Erecting Co., Inc. v. New York Convention Ctr. Dev. Corp., 838 F.2d 656, 659 (2d Cir. 1988); Insight Holding Group, LLC v. Sitnasuak Native Corp., 685 F. Supp. 2d 582, 589 (E.D. Va. 2010) ("[T]he great weight of existing circuit authority sensibly holds that by agreeing to a

mandatory forum selection clause, parties ordinarily also waive
their § 1441 removal right."). <u>See</u> <u>also</u> <u>Pace Prop., LLC v.
Excelsior Const., Inc.</u>, 2008 WL 4938412, at *2 (N.D. Fla. Nov.
18, 2008) (courts "will find a waiver of the statutory right to
removal only in cases where the forum selection clause mandates
that litigation take place in a particular forum, to the
exclusion of another forum."). Although not clear-cut in this
circuit, the court assumes that waiver of the right of removal
must be "clear and unequivocal." <u>See</u> <u>Spenlinhauer v. R.R.
Donnelley & Sons, Co.</u>, 534 F. Supp. 2d 162, 164 (D. Me. 2008)
(recognizing unsettled question in the First Circuit).

A forum selection clause may be mandatory as to
jurisdiction, venue, or both. <u>Yakin v. Tyler Hill Corp.</u>, 566
F.3d 72, 76 (2d Cir. 2009) ("A forum selection clause may bind
parties to either a specific jurisdiction or . . . a specific
venue.") With regard to jurisdiction, the defendant argues that
the clause is permissive rather than mandatory, suggesting that
it only requires that cases be <u>filed</u> in state court, but not that
they be adjudicated there. With regard to venue, defendant also
says the clause is permissive. That is, it permits, but does not
require, resolution of disputes in Strafford County.

A. <u>Jurisdiction</u>

The contract provides:

<u>Controlling Law</u>  This Agreement shall be governed by and construed in accordance with the laws of the State of New Hampshire.  Any or [sic] disputes related to this agreement shall be filed in Strafford County, the State Courts of New Hampshire.

Doc. no. 3-2.

While somewhat clumsy and inartful in expression, the clause does adequately convey the parties' agreement that exclusive jurisdiction over contractual disputes lies in the state court.[1] See <u>Silva v. Encyclopedia Britannica Inc.</u>, 239 F.3d 385 (1st Cir. 2001).

In <u>Silva</u>, the forum selection clause provided that "[t]his agreement shall be governed and construed by the laws of the State of Illinois and all actions involving this agreement <u>must be brought</u> in the State of Illinois."  <u>Id</u>. at 386 (emphasis added).  The court found that the mandatory language of the agreement — that is, inclusion of the word "must" — "express[ed] the parties' intention to make the courts of Illinois the exclusive forum for disputes arising under the contract."  <u>Id</u>. at

---

[1]  Because both parties rely on federal and New Hampshire precedent in construing the clause, the court assumes that the parties "do not rely on any distinctive features of" New Hampshire law.  <u>Phillips v. Audio Active, Ltd.</u>, 494 F.3d 378, 386 (2d Cir. 2007).  Accordingly, the court "appl[ies] general contract law principles and federal precedent to discern the meaning and scope of the forum clause."  <u>Id</u>.

389.  It held, therefore, that the forum-selection clause was

mandatory in limiting jurisdiction over disputes to the state's

courts, and affirmed dismissal of the case.  Id.


The court at least implicitly construed the phrase "must be

brought" as being equivalent to "must be adjudicated."  The Court

of Appeals for the Second Circuit reached a similar conclusion

with respect to the phrase "shall be commenced."  Karl Koch

Erecting, 838 F.2d at 658.  In Karl Koch Erecting, the court

affirmed a district court's remand order, holding that the forum

selection clause's mandate that "[n]o action shall be commenced

. . . except in the Supreme Court of the State of New York,

County of New York," did not "literally preclude removal," but,

rather, implicitly did so.  Id. at 659.  The court reasoned that,

> . . . the parties' inclusion of the forum-selection
> clause makes little sense unless it precludes removal
> by [defendant].  [citation omitted]  If the clause does
> not bar removal, [plaintiff's] action, although it
> originated in state court, would be tried in federal
> court. . . .  [Defendant], on the other hand, would not
> be permitted to assert counterclaims in federal court
> because they are an 'action or proceeding . . .
> commenced by' [defendant]. . . . [That result] seems
> plainly at odds with the obvious purpose of the forum-
> selection clause, as well as with the purpose of Fed.
> R. Civ. P. 13(a) (compulsory counterclaim rule).

Id.

The clause at issue here, properly construed, memorializes

the parties' agreement that the state courts of New Hampshire

4

shall have exclusive jurisdiction over the parties' contractual
disputes.  Like the provisions in <u>Silva</u> and <u>Karl Koch Erecting</u>,
the clause here uses mandatory language (<u>i.e.</u>, "shall").  In
addition, the words "be filed," as used here, like the words "be
brought" in <u>Silva</u>, and the phrase "shall be commenced" in <u>Karl
Koch Erecting</u>, were not meant to require a meaningless
ministerial act, but implicitly (and consistently with the
obvious intention of the parties) require adjudication in the
state's courts.

     The clause here is plainly mandatory with respect to state
court jurisdiction for an additional reason.  While the clause in
<u>Silva</u> referenced only "the State of Illinois" (and yet was found
to mandate state court jurisdiction), the clause here
unambiguously identifies the "State Courts of New Hampshire."
<u>Cf</u>. <u>Global Satellite Commc'n Co. v. Starmill U.K., Ltd.</u>, 378 F.3d
1269, 1273 (11th Cir. 2004) (finding that forum selection clause
did not restrict jurisdiction where it mandated venue in a
particular county, but did not specify state or federal courts).
In <u>BlueTarp Fin., Inc. v. Melloul Blamey Constr. S.C., Ltd.</u>, 846
F. Supp. 2d 307, 313-14 (D. Me. 2012), the court found that the
phrase "'courts of the State of Maine' could be either 'a term of
sovereignty or simply a term of geography.'"  <u>Id</u>. at 313 (quoting
<u>LFC Lessors, Inc. v. Pacific Server Maint. Corp.</u>, 739 F.2d 4, 6
(1st Cir. 1984)).  In contrast, the phrase "State Courts of New

Hampshire" cannot reasonably be construed as "simply a term of geography."  "State" directly modifies "Courts," the phrase is clearly a term of sovereignty, and it plainly does not include federal courts.

The clause clearly and unequivocally expresses the parties' intention to vest exclusive jurisdiction in New Hampshire's state courts.  Remand, therefore, is warranted.

B.  <u>Venue</u>

The parties here unmistakably agreed to litigate any contractual dispute in Strafford County, New Hampshire.  Remand to the Superior Court of Strafford County is, therefore appropriate.  <u>See</u> <u>Yakin</u>, 566 F.3d at 76 (where forum selection clause contained "obligatory venue language," remand to the state court located in the designated venue was proper — because no federal court was located there).

Courts have taken slightly different views with respect to venue limitations.  <u>See</u> <u>Nahigian v. Juno-Loudoun, LLC</u>, 661 F. Supp. 2d 563, 568 (E.D. Va. 2009) (collecting cases).  In <u>Nahigian</u>, for example, the district court found that a county venue restriction in a forum selection clause allowed litigation of the parties' dispute in federal court located in a different county.  The clause's geographic limitation, the court held,

included the entire federal district because the district
included the designated county.  Id. at 568-69.  But, in Rihani
v. Team Exp. Distrib., LLC, 711 F. Supp. 2d 557, 560-61 (D. Md.
2010), the court found Nahigian's holding to be "inconsistent
with basic contract law principles" because it effectively
expanded the geographic region which the parties had restricted.
Id. (dismissing case where forum selection clause specified a
county venue for the parties' disputes, and no federal court was
located in the county).


    Given the jurisdictional mandate (i.e., jurisdiction lies
exclusively in New Hampshire's courts), it necessarily follows
that venue is proper only in Strafford County.  Whether, absent
that determination, the venue clause would preclude litigation in
federal court (located in Merrimack County) is a question for
another case on another day.


**Conclusion**

    Plaintiff's motion to remand, doc. no. 9, is granted.  The
case is remanded to the New Hampshire Superior Court (Strafford
County).

**SO ORDERED.**

Steven J. McAuliffe
United States District Judge

March 12, 2013

cc:  Carl W. Potvin, Esq.
     Michael D. Ramsdell, Esq.